**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SEAN MOORE | : | |
| v. | : | NO. 23-CV-3087 |
| RESTORE INTEGRATIVE WELLNESS CENTER d/b/a RESTORE DISPENSARIES | : | |

**O P I N I O N**

SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE

DATE: November 16, 2026

On May 12, 2026, a jury sitting before the undersigned ruled in favor of Sean Moore on his claims against Restore Integrative Wellness Center, d/b/a Restore Dispensaries ("Restore") under the Americans With Disabilities Act, as amended ("ADA"), 42 U.S.C. §12112, the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. S.A. §951 *et seq*., and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C.A. §2601. It awarded Moore $25,000.00 in non-economic compensatory damages, $78,500.00 in back pay, and $100,000.00 in punitive damages, for a total of $203,500.00. ECF Doc. No. 60. Civil judgment was entered in that amount on May 13, 2026. ECF Doc. No. 62. On September 1, 2026, the punitive judgment award was reduced to $75,000.00, changing the total award to $201,000.00. ECF Doc. No. 70.

Moore now moves to amend the judgment to include an award of pre-judgment interest on the backpay damages; liquidated damages under FMLA; attorneys' fees; and costs. Restore has not responded to this motion, and has never requested an extension of time within which to respond. Nevertheless, it is possible to evaluate Moore's reasoning, even without an opposing submission.

As explained below, Moore's motion will be granted and the judgment amended to add pre-judgment interest in the amount of $14,333.37; liquidated damages in the amount of $92,833.37; attorneys' fees in the amount of $ 49,802.53, and costs in the amount of $496.66, for a total of $157,465.93. This amount is added to the prior total award (as of September 1, 2026), for judgment in the amount of $358,465.93.

I. *Pre-Judgment Interest for Backpay Damages*

An award of pre-judgment interest on backpay damages is required under FMLA. 29 U.S.C. §2617(a)(1)(A)(ii). Interest on backpay may also be awarded under the PHRA and the ADA, in the discretion of the trial judge. *See Kissinger v. Mennonite House*, Civ. A. No. 20-3000, 2022 WL 596300 at *8 (E.D. Pa. Feb. 28, 2022); *Diaz v. Saucon Valley Manor, Inc.*, Civ. A. No. 12-433, 2013 WL 4564300 at *2 (E.D. Pa. Aug. 27, 2013). Pre-judgment interest compensates a plaintiff for the loss of the use of the money which he would have earned if he had not been unjustly discharged. *Booker v. Taylor*, 64 F.3d 860, 868 (3d Cir. 1995); *Kissinger*, *supra*; *Diaz*, *supra*. Even when a defendant violated various laws, however, a plaintiff can recover only one award of backpay damages, and one award of interest on those damages. *Diaz*, *supra*.

The rate at which the pre-judgment interest will be calculated on a backpay award is within the trial judge's discretion. *Lett v. International Ass'n of Sheet Metal, Air, Rail and Transp. Workers*, Civ. A. No. 19-3170, 2023 WL 2163828 at *2 (E.D. Pa. Feb. 22, 2023); *Marra v. PHA*, 404 F. Supp.2d 839, 848 n.2 (E.D. Pa. Dec. 9, 2005).

It is common, though not universal, for courts in the Third Circuit to calculate the rate of pre-judgment interest using the overpayment rate set by the Internal Revenue Service ("IRS") as set forth at 26 U.S.C. §6621(a)(1). *Lett*, *supra*, at *2, *citing Jackson v. PDOC*, Civ. A. No. 13-

2747, 2017 2385345 at *6 (M.D. Pa. June 1, 2017); *Johnson v. Dependability Co., L.L.C.*, Civ. A. No. 15-3355, 2016 WL 852038 at *4 (E.D. Pa. Mar. 3, 2016); *Marra*, *supra,* at 404 F. Supp.2d 848 n.2. In *Lett*, *supra*, the Honorable Karen S. Marston pointed out that the IRS overpayment rate has been called "the most logically consistent with the purpose for awarding pre-judgment interest, i.e., to place the plaintiff in the position she could have been in had she not been unlawfully deprived of her salary." 2023 WL 2163828 at *2, *citing Taylor*, *supra*, at 890 F. Supp. 369.

Further, when a plaintiff is entitled to interest on backpay under a federal statute, such as FMLA, but also under a state statute such as the PHRA, it is permissible for a judge to calculate interest at the average of the IRS overpayment rate, and the rate paid under Pennsylvania law. *Diaz*, *supra*, at 2013 WL 4564300 at *2; *citing Jadwin v. County of Kern*, 767 F. Supp.2d 1069, 1096-7 (E.D. Cal. 2011). Here, as in *Jadwin*, the verdict sheet agreed to by both parties did not differentiate between backpay owed under FMLA and that owed under the PHRA, and there would have been no logical way to apportion the damages between the statutes, since Moore – of course – sustained only one backpay loss. *See* ECF Doc. No. 60; *Diaz*, *supra*, at *2.

It is therefore reasonable to adopt the approach taken in *Diaz* and *Jadwin*, and take the average of the Annualized Average Federal Quarterly Underpayment Rate and the Pennsylvania statutory pre-judgment interest rate (6%) to calculate pre-judgment interest in the present case. *See* "Quarterly Interest Rates" *IRS.GOV <<https://www.irs.gov/payments/quarterly-interest-rates>>* (federal) *and* 42 Pa. C.S. § 8101 *and* 41 P.S. §202 (Pennsylvania). Utilizing this method results in a total backpay award of $92,833.37—inclusive of $14,333.37 in pre-judgment interest. Again, I emphasize that Restore has not contested plaintiff's request for pre-judgment interest, since it has not responded to Moore's motion to amend the judgment.

Dividing the total backpay award of $78,500 by 35, the number of months that elapsed between Moore's termination (September 14, 2022) and the date Moore was promoted to General Manager at Truelieve (approximately the end of May 2025) which resulted in a salary increase and effectively ended his backpay claim, results in a monthly income of $2,242.86. I will award pre-judgment interest by compounding the average of the Annualized Average Federal Quarterly Underpayment Rate and the Pennsylvania statutory pre-judgment interest rate. Applying this formula on a yearly basis to Moore's backpay damages award results in the following calculations:

| Year | Sum of Back Pay through End of Year, Prior Years Back Pay and Interest | Average of the Annualized Average Federal Quarterly Underpayment Rate and the Pennsylvania statutory pre-judgment interest rate[1] | Interest Amount Per Year |
|---|---|---|---|
| 2022 (3 ½ months)[2] | $7,850.01 | 6% | $471.00 |
| 2023 | $35,235.33 | 6.625% | $2,334.34 |
| 2024 | $64,483.99 | 7% | $4,513.87 |
| 2025 (4 months of backpay for 2025)[3] | $77,969.30 | 6.5% | $5,068.00 |
| 2026 (4.5 months of interest)[4] | $83,037.30 | 6.25% | $1,946.16 |
| Total Pre-Judgment Interest | | | $14,333.37 |

[1] Supra (earlier citation of the sources)
[2] From date of termination (September 14, 2022) through December 31, 2022.
[3] Reflects only 4 months of loss of backpay from January 2025 through April 30, 2025 due to Moore's promotion at Truelieve.
[4] Reflects no 2026 loss of backpay due to Moore's May 2025 promotion at Truelieve. Also, only 5 months of interest in final calculation for 2026 as the date of judgment is May 13, 2026.

Moore is therefore entitled to $14,333.37 in pre-judgment interest.

II. *Post-Judgment Interest*

Moore is entitled to post-judgment interest on the entire amount of his judgment, from the day judgment is entered to the date of payment of the judgment, under 28 U.S.C. §1961. The statute specifies:

> Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

26 U.S.C. §1961(a).[5]

At the time judgment was entered against Restore, the figure used was 3.76% per annum. Accordingly, at the time the judgment against Restore is paid, Moore may petition the court for the payment of post-judgment interest at this rate.

III. *Liquidated Damages*

FMLA provides that a prevailing plaintiff is generally entitled to not only backpay, and interest on the backpay, but also "an additional amount as liquidated damages equal to the sum" of the backpay and interest. 29 U.S.C. §2617(a)(1)(A)(iii). There is a strong presumption that liquidated damages should be awarded as a matter of course. *Poff v. Prime Care Medical, Inc.*, Civ. A. No. 13-3066, 2015 WL 5822369 at *6 (M.D. Pa. Oct. 1, 2015); *Hosler v. Jay Fulkroad & Sons*, Civ. A. No. 13-1153, 2015 WL 3865877 at *9 (M.D. Pa. June 23, 2015), *quoting Persky v. Cendant Corp.*, 547 F. Supp.2d 152, 164 (D. Conn. 2008).

[5] The actual text of the statute reads "for the calendar week preceding. the date of the judgment." The editor's note in the U.S.C. reads: "So in original. The period probably should not appear."

The sole exception to this is that the court may, in its discretion, exclude the liquidated damages where the employer can prove that its FMLA violation was made in good faith and that the employer had reasonable grounds for believing that its acts or omissions were not a violation of FMLA. 29 U.S.C. §2617(a)(1)(A)(iii); *Poff*, *supra*; *Diaz*, *supra*, at 2013 WL 4564300 at *2. To satisfy the "good faith" requirement, an employer must establish an honest intention to ascertain and follow the dictates of FMLA. *Diaz*, *supra*; *Bowyer v. DISH Network, LLC*, Civ. A. No. 08-1496, 2010 WL 629830 at *7 (W.D. Feb. 19, 2010). This means that the employer must show that it took affirmative steps to ascertain FMLA's requirements. *See Brown v. Nutrition Management Servs. Co.*, 370 F. App'x 267, 272 (3d Cir. 2010); *Diaz*, *supra*; *Bowyer*, *supra*.

Crucially, for Moore to obtain liquidated damages, it is not up to him to prove that Restore acted willfully; instead, it is Restore which must establish its own good faith. *Poff*, *supra*; *Holster*, *supra*.

As noted above, Restore has not responded to Moore's motion. It clearly has made no argument to the Court that it took affirmative steps to ascertain FMLA's requirements in Moore's particular situation, with an honest intention to follow its dictates. Only one Restore employee testified at trial; director of operations, Rebecca Koval. She testified that she was not part of the decision to terminate Moore. *Trial Transcript*, May 12, 2022 at 29:23-25. Koval testified that it was "H.R." which understood "the federal policy," and not her. *Id*. 33:24-34:1. It was not her role to terminate or hire employees "when it came down to a federal program" over which she had "no control." *Id*. at 33:10-13. No evidence was presented from Jim Bonner, whom Koval identified as having made the decision to terminate Moore. Nor was he deposed. Thus, Restore has come forward with no evidence to demonstrate that it took affirmative steps to determine its obligations to Moore under FMLA.

This case is not, therefore, one of the exceptions to the general rule that liquidated damages are awarded under FMLA. Accordingly, I will amend the judgment against Restore to include liquidated damages in the amount of $92,833.37.

IV. *Attorneys' Fees*

Under FMLA, a prevailing plaintiff is entitled to recover reasonable attorneys' fees and costs. 29 U.S.C. §2617(a)(3). There is a strong presumption that the correct calculation for an attorneys' fee award is the "lodestar," which is the product of the hours reasonably expended by counsel multiplied by a reasonable hourly rate, although the presumption may be overcome in rare circumstances where it does not adequately take into account a factor that may properly be considered in determining a reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-554 (2010).

Notably, a court may not reduce requested counsel fees *sua sponte*, in the absence of specific objection from the opposing party. *U.S. v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203, 211-2 (3d Cir. 2000); *Poff v. Prime Care Medical, Inc.*, Civ. A. No. 13-3066, 2016 WL 3254108 at *3 (M.D. Pa. Jun. 14, 2016). The Court of Appeals for the Third Circuit has written:

> [W]hen an opposing party has been afforded the opportunity to raise a material fact issue as to the accuracy of representations as to hours spent, or the necessity for their expenditure, and declines to do so, no reason occurs to us for permitting the trial court to disregard uncontested affidavits filed by a fee applicant.

*U.S. v. Eleven Vehicles*, *supra*, *quoting Cunningham v. City of McKeesport*, 753 F.2d 262, 266 (3d Cir. 1985), *vacated on other grounds*, 478 U.S. 1015 (1986), *and reinstated* 807 F.2d 49 (3d Cir. 1986); *N- N- v. McShane*, Civ. A. No. 25-5494, 2026 WL 1082281 at *4 (E.D. Pa. Apr. 20, 2026).

Again, Restore has not filed a response to this motion. It has not, therefore, raised an objection to any aspect of the attorney fee request. For that reason, this Court has no authority to reduce the fees sought by Moore. I note that the hours expended by the name partner, trial attorney, and paralegal who represented Moore, and the rates they seek, are by no means so extraordinarily high that my inability to reduce the fee creates a patent injustice to Restore. For that reason, I will amend the judgment to award attorneys' fees in the amount of $49,802.53. Moore's relatively modest request for $494.66 in costs will also be granted.

V. *Conclusion*

For the reasons explained above, the Judgment in favor of Moore and against Restore will be amended to include pre-judgment interest on the backpay damages in the amount of $14,333.37; liquidated damages under FMLA in the amount of $92,833.37; attorneys' fees in the amount of $49,802.53; and costs in the amount of $494.66. This totals $157,465.93, which will be added to the prior judgment amount of $201,000.00, for a new judgment award of $358,465.93.

BY THE COURT:

*/s/ Scott W. Reid*

______________________________

SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE